**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                            Case No.  1:05-CR-489-01-JOF

**MICHAEL MOLINA**

Defendant's Attorney:
**V. NATASHA PERDEW-SILAS**

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
(amendment - Court removed Supervised Release)

The defendant plead guilty to Count(s) ONE, TWO, and THREE of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18:922(g) | Unlawful Possession of a Firearm by a Convicted Felon | 1 |
| 21:841 | Possession With Intent to Distribute Marijuana | 2 |
| 21:844 | Simple Possession of Cocaine | 3 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of $ **225.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.      0128                                                  Date of Imposition of Sentence:
Defendant's Date of Birth:         1969                                                              February 6, 2007
Defendant's Mailing Address:
Lawrenceville, GA

Signed this the 15th day of March, 2007.

/S/  J.  Owen  Forrester
J. OWEN FORRESTER
UNITED STATES DISTRICT JUDGE

1:05-CR-489-01-JOF : MICHAEL MOLINA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Six (6) Months** on Count 3.

The defendant shall voluntarily surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:05-CR-489-01-JOF : MICHAEL MOLINA

# PROBATION

The defendant is hereby placed on probation for a term of **FIVE (5) YEARS** on Counts One and Two, to run concurrent to each other, and consecutive to Count 3.

The defendant shall complete SIXTY (60) hours of community service annually, during the first two years of Probation for a total of ONE HUNDRED TWENTY (120) hours of community service.

The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 42 U.S.C. 14135a(d)(1) and 10 U.S.C. 1656(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses.

The defendant shall submit to urine screenings under the guidance and supervision of the United States Probation Officer. The defendant shall not be responsible for the costs of said screenings.

The defendant shall, at the request of the U.S. Probation Officer, submit to a search of his person, property (real, personal, or rental), residence, place of business of employment, office and/or vehicle(s), at a reasonable time and in a reasonable manner, based upon suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches pursuant to this condition.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

    The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

    While on probation, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of probation that the defendant pay any such restitution that remains unpaid at the commencement of the term of probation.

1:05-CR-489-01-JOF : MICHAEL MOLINA

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation office;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction s of the probation officer;

4) the defendant shall support his or her dependants and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer:

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.